OPINION *Page 2 
{¶ 1} Appellant Maria Trent appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of her minor child, Darrien Brown, to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} On November 9, 2007, SCDJFS filed a complaint alleging that Darrien, born in October 2006, was a dependent child under R.C. 2151.04, and a neglected child under R.C. 2151.03(A). The complaint sought a disposition of permanent custody. The complaint stated agency concerns that appellant had an ongoing drug abuse problem and had previously lost custody of several other children in separate cases.
 {¶ 3} On January 15, 2008, the matter proceeded to an evidentiary hearing. The trial court issued a judgment entry with incorporated findings of fact and conclusions of law on January 16, 2008, finding Darrien to be a neglected child and granting permanent custody to SCDJFS.
 {¶ 4} Appellant thereafter timely filed a notice of appeal. She herein raises the following five Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND/OR ABUSED IT'S (SIC) DISCRETION IN FINDING THAT DARRIEN BROWN WAS A NEGLECTED CHILD UNDER ORC SECTION 2151.03(A)(2).
 {¶ 6} "II. THE JUDGMENT OF THE TRIAL COURT THAT DARRIEN BROWN WAS A NEGLECTED CHILD WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE PRESENTED. *Page 3 
 {¶ 7} "III. THE TRIAL COURT ERRED IN RELIEVING THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES OF IT'S (SIC) DUTY TO PUT FORTH REASONABLE EFFORTS WHEN NO MOTION WAS MADE PURSUANT TO ORC SECTION 2151.419 AND THE COURT MADE NO SPECIFIC FINDINGS.
 {¶ 8} "IV. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 9} "V. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I, II {¶ 10} In her First and Second Assignments of Error, appellant contends the trial court committed reversible error in finding that Darrien was a neglected child pursuant to statute. We disagree.
 {¶ 11} Under R.C. 2151.03(A)(2), the subsection relied upon by the trial court, a "neglected child" includes any child "[w]ho lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian." Appellant herein ardently contends that the two social workers' testimony at trial does not support a neglect finding. For example, according to said testimony, appellant had her own apartment, with food for the child, at the time of agency intervention. Tr. at 10-11. Darrien was apparently in good health, was not malnourished, and had clothes in the home. Id. *Page 4 
Intake caseworker Brandy Hamm replied in the negative when asked if Darrien "appear[ed] to have bruises or be neglected in any way that you could see?" Id.
 {¶ 12} However, assuming, arguendo, the trial court erred in finding the existence of neglect as the first step in the permanent custody complaint, it is necessary that we consider whether appellant has suffered prejudicial error as a result. We note that procedures upon a complaint for permanent custody, as opposed to a motion for permanent custody, are generally governed by R.C. 2151.353. In re I.M., Cuyahoga App. Nos. 82669, 82695, 2003-Ohio-7069, ¶ 10. Specifically, R.C. 2151.353(A) states in pertinent part: "If a child is adjudicated anabused, neglected, or dependent child, the court may make any of the following orders of disposition:
 {¶ 13} "* * *
 {¶ 14} "(4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child.
 {¶ 15} "* * *" (Emphasis added).
 {¶ 16} Thus, a trial court is statutorily authorized to proceed to a permanent custody disposition under R.C. 2151.353(A)(4) as long as the prerequisite of an adjudication of abuse, neglect, or dependency is rendered. *Page 5 
 {¶ 17} In the case sub judice, SCDJFS recited in its complaint, inter alia, an allegation of dependency under R.C. 2151.04(C), which defines a dependent child as any child "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." The record indicates that appellant has already lost permanent custody of five other children due to long term substance abuse and lack of case plan compliance in previous court cases. At the time of the complaint, appellant was pregnant with her seventh child, yet had recently tested positive for marihuana use during a prenatal examination. Caseworker Hamm noted that Darrien's alleged father was incarcerated and had effectively abandoned the child, and she opined that Darrien was at risk of future harm in light of appellant's history and drug problems.
 {¶ 18} We therefore find sufficient evidence in the record to support a dependency finding regarding Darrien. Accordingly, under the particular circumstances of this case, we conclude a cognizable error regarding adjudication has not been established, upon the appeal of the grant of the permanent custody complaint, as the trial court record at least supports a finding of dependency, even if the trial court relied on a neglect finding.
 {¶ 19} Accordingly, appellant's First and Second Assignments of Error are overruled.
 III. {¶ 20} In her Third Assignment of Error, appellant contends the trial court erred in failing to make a finding of "reasonable efforts" by the agency under R.C. 2151.419. We disagree. *Page 6 
 {¶ 21} Parental rights may only be terminated where a court finds that permanent custody is appropriate under circumstances of a particular case and all due process safeguards have been followed. See In reCravens, Defiance App. No. 4-03-48, 2004-Ohio-2356, ¶ 17, citing In rePalmer (1984), 12 Ohio St.3d 194, 196, 465 N.E.2d 1312. Pursuant to R.C. 2151.419, the agency which has removed the child from the home must have made reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the home, or make it possible for the child to return home safely. In reHess, Stark App. Nos. 2007CA00262, 2007CA00261, 2008-Ohio-1920, ¶ 46.
 {¶ 22} Nonetheless, R.C. 2151.419(A)(2) states in pertinent part as follows:
 {¶ 23} "If any of the following apply, the court shall make a determination that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home:
 {¶ 24} "* * *
 {¶ 25} "(e) The parent from whom the child was removed has had parental rights involuntarily terminated pursuant to section 2151.353,2151.414, or 2151.415 of the Revised Code with respect to a sibling of the child."
 {¶ 26} In the case sub judice, the trial court specifically found: "[Darrien's] parents have both had parental rights terminated regarding siblings of Darrien * * *." Findings of Fact and Conclusions of Law, January 16, 2008, at 1-2. This finding is not herein disputed. Although it would have been the better practice for the trial court to additionally make a specific determination that the agency was not required to make *Page 7 
reasonable efforts (R.C. 2151.419(A)(2)(e), supra), we hold reversible error has not been demonstrated under the facts and circumstances presented.
 {¶ 27} Appellant's Third Assignment of Error is therefore overruled.
 IV. {¶ 28} In her Fourth Assignment of Error, appellant contends the trial court's decision, that Darrien cannot or should not be placed with appellant within a reasonable time, was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 29} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. It is well-established that the trial court is in the best position to determine the credibility of witnesses. See, e.g., In re Brown, Summit App. No. 21004, 2002-Ohio-3405, ¶ 9, citing State v. DeHass (1967), 10 Ohio St .2d 230, 227 N.E.2d 212.
 {¶ 30} In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, a trial court is to consider the existence of one or more factors under R.C. 2151.414(E), which states as follows:
 {¶ 31} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a *Page 8 
child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 32} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 33} "(2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code; *Page 9 
 {¶ 34} "(3) The parent committed any abuse as described in section 2151.031 of the Revised Code against the child, caused the child to suffer any neglect as described in section 2151.03 of the Revised Code, or allowed the child to suffer any neglect as described in section 2151.03 of the Revised Code between the date that the original complaint alleging abuse or neglect was filed and the date of the filing of the motion for permanent custody;
 {¶ 35} "(4) The parent has demonstrated a lack of commitment toward the child by failing to regularly support, visit, or communicate with the child when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the child;
 {¶ 36} "(5) The parent is incarcerated for an offense committed against the child or a sibling of the child;
 {¶ 37} "(6) The parent has been convicted of or pleaded guilty to an offense under division (A) or (C) of section 2919.22 or under section 2903.16, 2903.21, 2903.34, 2905.01, 2905.02, 2905.03, 2905.04, 2905.05,2907.07, 2907.08, 2907.09, 2907.12, 2907.21, 2907.22, 2907.23, 2907.25,2907.31, 2907.32, 2907.321, 2907.322, 2907.323, 2911.01, 2911.02,2911.11, 2911.12, 2919.12, 2919.24, 2919.25, 2923.12, 2923.13, 2923.161,2925.02, or 3716.11 of the Revised Code and the child or a sibling of the child was a victim of the offense or the parent has been convicted of or pleaded guilty to an offense under section 2903.04 of the Revised Code, a sibling of the child was the victim of the offense, and the parent who committed the offense poses an ongoing danger to the child or a sibling of the child. *Page 10 
 {¶ 38} "(7) The parent has been convicted of or pleaded guilty to one of the following:
 {¶ 39} "(a) An offense under section 2903.01, 2903.02, or 2903.03 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense was a sibling of the child or the victim was another child who lived in the parent's household at the time of the offense;
 {¶ 40} "(b) An offense under section 2903.11, 2903.12, or 2903.13 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense is the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense;
 {¶ 41} "(c) An offense under division (B)(2) of section 2919.22 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to the offense described in that section and the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense is the victim of the offense;
 {¶ 42} "(d) An offense under section 2907.02, 2907.03, 2907.04,2907.05, or 2907.06 of the Revised Code or under an existing or former law of this state, any other state, or the United States that is substantially equivalent to an offense described in those sections and the victim of the offense is the child, a sibling of the child, or another child who lived in the parent's household at the time of the offense; *Page 11 
 {¶ 43} "(e) A conspiracy or attempt to commit, or complicity in committing, an offense described in division (E)(7)(a) or (d) of this section.
 {¶ 44} "(8) The parent has repeatedly withheld medical treatment or food from the child when the parent has the means to provide the treatment or food, and, in the case of withheld medical treatment, the parent withheld it for a purpose other than to treat the physical or mental illness or defect of the child by spiritual means through prayer alone in accordance with the tenets of a recognized religious body.
 {¶ 45} "(9) The parent has placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and has rejected treatment two or more times or refused to participate in further treatment two or more times after a case plan issued pursuant to section 2151.412 of the Revised Code requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child or an order was issued by any other court requiring treatment of the parent.
 {¶ 46} "(10) The parent has abandoned the child.
 {¶ 47} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 48} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing.
 {¶ 49} "(13) The parent is repeatedly incarcerated, and the repeated incarceration prevents the parent from providing care for the child. *Page 12 
 {¶ 50} "(14) The parent for any reason is unwilling to provide food, clothing, shelter, and other basic necessities for the child or to prevent the child from suffering physical, emotional, or sexual abuse or physical, emotional, or mental neglect.
 {¶ 51} "(15) The parent has committed abuse as described in section 2151.031 of the Revised Code against the child or caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, and the court determines that the seriousness, nature, or likelihood of recurrence of the abuse or neglect makes the child's placement with the child's parent a threat to the child's safety.
 {¶ 52} "(16) Any other factor the court considers relevant."
 {¶ 53} In the case sub judice, the trial court first found that Darrien's alleged father, Darren Brown, who had never established paternity, was incarcerated on felony offenses until 2010. The court also found that Brown had never had contact with Darrien, and had permanently lost parental rights with a son, Uriah, born in 2005. The court concluded that Brown had abandoned Darrien.
 {¶ 54} In regard to appellant, the trial court particularly emphasized that she had lost permanent custody of five other children in three separate cases in Stark County Juvenile Court. See R.C. 2151.414(E)(11), supra. The SCDJFS intake caseworker in this matter, Brandy Hamm, testified to the concerns that caused the filing of the agency's complaint, including the prior permanent custody cases involving appellant, and that appellant had continued to have problems with marihuana abuse since the prior cases. Tr. at 6-8. Ongoing caseworker Amy Craig testified that appellant had a history of unsuccessful completion of case plans and had not made "significant changes in her life." Tr. at 30. *Page 13 
 {¶ 55} Appellant's present brief cites In re Sheffey,167 Ohio App.3d 141, ¶ 20, which held that "a prior adjudication of permanent custody does not result in a de facto termination of parental rights." However, the Sheffey Court made this observation in the context of a failure to provide the parent basic procedural safeguards in the trial court; i.e., the parent in that case had been denied proper notice, a recitation of her rights, proper participation in the proceedings, and the appointment of counsel. Sheffey at ¶ 23. Appellant's reliance on Sheffey is thus misplaced.
 {¶ 56} Accordingly, upon full review, we find the trial court's conclusions pursuant to R.C. 2151.414(E) were supported by the weight and sufficiency of the evidence.
 {¶ 57} Appellant's Fourth Assignment of Error is therefore overruled.
 V. {¶ 58} In her Fifth Assignment of Error, appellant maintains the trial court's finding that permanent custody of Darrien would be in his best interest was against the manifest weight and sufficiency of the evidence. We disagree.
 {¶ 59} In determining the best interest of a child, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:
 {¶ 60} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 61} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; *Page 14 
 {¶ 62} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 63} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 64} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 65} The SCDJFS ongoing caseworker, Amy Craig, testified that Darrien is healthy and is placed with relatives who are interested in adopting him. Craig observed the placement home, in which Darrien's half-sibling is also placed, and found it to be appropriate. Craig also opined that permanent custody would only benefit Darrien. Tr. at 39-40. The guardian ad litem also recommended a grant of permanent custody. Tr. at 44.
 {¶ 66} It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." In reMauzy Children (Nov. 13, 2000), Stark App. No. 2000CA00244, quoting In reAwkal (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424. In the case sub judice, upon review of the record and the findings of fact and conclusions of law therein, we conclude the *Page 15 
trial court's grant of permanent custody of Darrien to SCDJFS was made in the consideration of the child's best interests and did not constitute an error or an abuse of discretion.
 {¶ 67} Appellant's Fifth Assignment of Error is therefore overruled.
 {¶ 68} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
 Wise, P. J. Edwards, J., and Delaney, J., concur. *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1