[Cite as *In re D.S.*, 2011-Ohio-6379.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| D. S. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| MINOR CHILD | : | |
| | : | Case No. 2011CA00166 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Juvenile Division, Case No.
2011JCV0574

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     December 12, 2011

APPEARANCES:

For Appellant

CRISTIN ROUSH
200 West Tuscarawas Street
Suite 200
Canton, OH  44702

For  Appellee

JERRY COLEMAN
221 Third Street, SE
Canton, OH  44702

*Farmer, J.*

{¶1} On April 21, 2011, appellee, the Stark County Department of Job and Family Services, filed a complaint for permanent custody of D. S. born April 18, 2011, alleging the child to be dependent and/or neglected. Mother of the child is Daneeca Strong; father is appellant, Donald Strong. An amended complaint was filed on April 25, 2011.

{¶2} On May 19, 2011, mother filed a motion for legal custody of the child. On June 20, 2011, appellant also filed a motion for legal custody. A hearing was held on June 27, 2011. The trial court found the child to be dependent. By judgment entry filed July 7, 2011, the trial court granted permanent custody of the child to appellee. Findings of fact and conclusions of law were filed same date.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT AND SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE PERIOD OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

II

{¶5} "THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE CHILD WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

I

{¶6} Appellant claims the trial court's finding that the child was a dependent child and could not be placed with him within a reasonable period of time was against the manifest weight and sufficiency of the evidence. We disagree.

{¶7} Pursuant to R.C. 2151.04(D), a dependent child means any child:

{¶8} "(A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian;

{¶9} "(B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;

{¶10} "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;

{¶11} "(D) To whom both of the following apply:

{¶12} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.

{¶13} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."

{¶14} A finding of dependency must be supported by clear and convincing evidence. Juv.R. 29(E)(4). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to

be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus. See also, *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶15} As we noted in Stark App. Case No. 2011CA00169 (mother's appeal), it is impossible to discuss the best interests of the child without discussing both parents, given the fact that they are now married. T. at 10, 23-24.

{¶16} Dr. Amy Thomas, who evaluated mother on two occasions, testified mother would need psychiatric treatment to combat her schizophrenia which was "chronic and life long" and caused delusions and auditory and visual hallucinations; however, mother did not believe she needed treatment. T. at 18, 43-44, 47-48. It was Dr. Thomas's opinion that mother's delusions will interfere with her parenting skills and her ability to protect her child from appellant.

{¶17} Appellant is a convicted sexual offender (gross sexual imposition for sucking the breasts of an eight year old child). T. at 6-7, 21. Dr. Thomas questioned appellant's ability to parent and to be "hyper-vigilant" given that he did not acknowledge mother's mental issues and limitations. T. at 51.

{¶18} Appellant testified the sexual offense was brought on by alcohol, and he has successfully completed the necessary treatment programs. T. at 52, 72-75. An outstanding factor that is part of appellant's probation is the prohibition against being with children. T. at 11, 33, 61-62. At the time of the hearing, there was a no contact order between appellant and the child. T. at 33.

{¶19} Both parents have below average I.Q.s which seriously impacts their individual abilities to parent. T. at 46, 51-52. Mother suffers from schizophrenia and appellant is a convicted sexual offender. Neither comprehends the limitations of the other nor appreciates the seriousness of their situation.

{¶20} Of particular importance is the trial court's Finding of Fact No. 9 relative to appellant:

{¶21} "The father, Donald Strong was incarcerated on the conviction of gross sexual imposition during much of the prior case (2009JCV00882) and therefore was unable to make substantial progress on any of his case plan goals. Mr. Strong did complete a parenting evaluation at Northeast Ohio Behavioral health wherein Dr. Thomas found that Mr. Strong had a significant substance abuse problem. That, in conjunction with his sexual crime against a child, and his refusal to appreciate the mother's mental illness caused him to be considered unsafe to parent his children by Dr. Thomas. Currently, Dr. Thomas cites to Mr. Strong's long standing criminal history with concerns of exploiting children and being a potential sex offender. Dr. Thomas indicates that Mr. Strong has many liabilities and no strong relationship with the children. He refuses to identify the mother's mental illness issues and would not intervene if necessary to concerns of neglect of the children. His IQ is below average and according to Dr. Thomas he would require additional training to improve his parenting abilities. Dr. Thomas states that Mr. Strong is 'defensive to his approach with features of alcohol dependence and drug abuse.' Mr. Strong is currently receiving treatment through Melymbrosia and Quest and remains on adult probation which restricts his ability to have contact with child."

{¶22} Upon review, we conclude there is more than enough clear and convincing evidence to support the trial court's finding of dependency.

{¶23}  Assignment of Error I is denied.

II

{¶24}  Appellant claims the trial court's decision on best interests was not proven by clear and convincing evidence given the strong bond that exists between mother and the child.  Appellant admits he has had no opportunity to bond with the child given his criminal case, but claims with time, he could establish a bond with the child.  We disagree.

{¶25}  R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child.  R.C. 2151.414(D) sets out the factors relevant to determining the best interests of a child.  Said section states relevant factors include, but are not limited to, the following:

{¶26}  "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶27}  "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶28}  "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶29} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶30} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶31} As we noted in mother's appeal, although mother claims to have bonded with the child, her actions belie that assertion. She steadfastly has chosen a sexual offender over her child, and blames her inadequacies on appellee. T. at 10-11, 23, 26-27.

{¶32} In reviewing the entire record, we find the trial court's decision on the best interests of the child to be supported by the testimony. Clearly appellant's conviction for gross sexual imposition involving a child, his refusal to acknowledge mother's mental issues and limitations, and his inability to be hyper-vigilant and intervene and meet the needs of the child if necessary, are sufficient to support the trial court's determination.

{¶33} Assignment of Error II is denied.

{¶34} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES

SGF/sg 1129

[Cite as *In re D.S.*, 2011-Ohio-6379.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:          :
         :
D. S.          :
         :
MINOR CHILD          :          JUDGMENT ENTRY
         :
         :
         :
         :          CASE NO. 2011CA00166

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES