[Cite as *In re S. Children*, 2012-Ohio-6265.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| S. CHILDREN | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| | : | |
| | : | |
| | : | Case No. 2012-CA-00164 |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Stark County Court of
Common Pleas, Juvenile Division, Case
No. 2012JCV00512

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 31, 2012

APPEARANCES:

For-Appellee

JERRY A. COLEMAN
SCDJFS
110 Central Plaza South, Ste. 400
Canton, OH  44702

For-Appellant

KEVIN J. ANKNEY
Stark County Public Defendant's Office
200 W. Tuscarawas St., Ste 200
Canton, OH  44702

*Hoffman, J.,*

**{¶1}** Appellant Donald S. ("Father") appeals the August 16, 2012 judgment entered by the Stark County Court of Common Pleas, Juvenile Division, which terminated his parental rights, privileges and responsibilities with respect to his two minor children and granted permanent custody of the children to appellee Stark County Department of Job and Family Services ("JFS").

THE STATEMENT OF THE FACTS AND CASE

**{¶2}** Father is the biological father of T.S. and L.S., both born on May 21, 2012. On May 23, 2012, JFS filed a complaint alleging dependency and neglect, and seeking permanent custody of the two children. At the shelter care hearing, the trial court placed the children in the temporary custody of JFS. The parties stipulated to a finding of dependency. The children's mother is not a party to this appeal, but she and Father are married and reside together.

**{¶3}** JFS has historically been involved with family due to frequent drug and alcohol use, inappropriate supervision of the young children, numerous criminal convictions, and severe mental health concerns. JFS initially became involved with the family in 2006. The child who was the subject of that case (2006JCV1847) was found to be dependent, but was eventually returned to Mother after she completed her case plan in 2007.

**{¶4}** In 2008, the agency again became involved with the family when Father was convicted of gross sexual imposition of an eight year old child. The children involved in that case (20008JCV00733) were found to be dependent, but Mother

completed her case plan and the agency terminated its involvement on December 23, 2008.

{¶5} JFS again became involved with the family in 2009 because of Mother's mental health and drug/alcohol abuse. The children in that case (2009JCV00882) again were found to be dependent and permanent custody was eventually granted to JFS on June 18, 2010. This court affirmed. *In re D.D.S. and D.T.S. Minor Children*, 5th Dist. No. 2010CA00187, 2010-Ohio-5800.

{¶6} JFS became involved with Mother and Father again in 2011. The child involved in that case (2011JCV00574) was found to be dependent and permanent custody was granted to JFS on July 7, 2011. This court affirmed. *In the Matter of D.S.*, 5th Dist. No. 2011CA00166, 2011-Ohio-6379.

{¶7} The trial court found Father has a criminal record and is currently registered as Tier II sex offender working his way through a treatment program at Melymbrosia. Father has not completed the program despite having the opportunity to do so for nearly two years. Father testified he stopped attending the class because of financial reasons and had not re-enrolled in the program. The court found Father refuses to acknowledge the severe mental illness of his wife, the children's mother, which could lead to unsafe parenting situations in the future. The trial court found neither parent had shown by clear and convincing evidence any change in circumstances that would preclude a grant of permanent custody to JFS.

{¶8} At the time of the hearing, T.S. and L.S. were appropriately three months of age and had no medical or psychological problems. They were placed in a licensed foster home and the foster parents were interested in adopting the children. The court

found the foster parents have formed a bond with both children, and the children are not strongly bonded with Father or Mother.

{¶9} The guardian ad litem presented a written report recommending that permanent custody be granted to JFS.

{¶10} The trial court awarded permanent custody to JFS on August 16, 2012, and it is from this judgment entry Father appeals, citing as error:

{¶11} "I. THE LOWER COURT ERRED PROCEDURALLY BY GRANTING PERMANENT CUSTODY AT DISPOSITION PURSUANT TO OHIO REVISED CODE 2151.353 WITHOUT MAKING A FINDING THAT REASONABLE EFFORTS WERE MET, OR NOT REQUIRED, UNDER OHIO REVISED CODE 2151.419.

{¶12} "II. THE LOWER COURT ERRED BY NOT REQUIRING THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES TO MAKE REASONABLE EFFORTS UNDER OHIO REVISED CODE 2151.419 TO REUNITE THE CHILDREN WITH APPELLANT.

{¶13} "III THE JUDGMENT OF THE LOWER COURT THAT THE BEST INTERESTS OF THE CHILD (sic) WOULD BE SERVED BY GRANTING PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."

{¶14} This case comes to us on the expedited calendar and shall be considered in compliance with App. R. 11.2 (C).

I.

{¶15} In his first assignment of error, Father argues the trial court erred procedurally by granting permanent custody at the dispositional hearing without making

a finding that either reasonable efforts were met, or were not required under R.C. 2151.419.

**{¶16}** R.C. 2151.419 requires a court at the disposition hearing following an adjudication of dependency, neglect or abuse to determine if reasonable efforts have been made to return the children to the parents, and if not, the court determines if reasonable efforts were not required. The statute requires the court to find that the agency is not required to make reasonable efforts to prevent the removal of the child from the child's home, eliminate the continued removal of the child from the child's home, and return the child to the child's home if, inter alia, the parent from whom the child is removed has had parental rights involuntarily terminated with respect to a sibling of the child. R.C. 2151.419(A)(2)(e).

**{¶17}** The trial court made extensive findings regarding the family history and specifically found Father had involuntarily lost permanent custody of several children in prior cases. This fact has never been disputed. However, the trial court did not make a specific finding reasonable efforts were not necessary. This court has previously held it is not reversible error to omit a specific determination JFS was not required to make reasonable efforts where the facts and circumstances would support such a finding. *In Re: Brown,* 5th Dist. No. 2008 CA 00029, 2008-Ohio-3655, ¶ 26.

**{¶18}** The first assignment of error is overruled.

II.

**{¶19}** In his second assignment of error, Father cites R.C. 2151.419 (A)(3), which provides "At any hearing in which the court determines whether to return a child to the child's home, the court may issue an order that returns a child in situations in

which the conditions described in divisions (A)(2)(a) to (e) of this section." Father asserts the statute permits the trial court to return these children to his home, even though he had his parental rights involuntarily terminated as to other children previously.

{¶20} The statute makes the decision to return the children discretionary, not mandatory. We find the trial court did not err in not ordering JFS to make reasonable efforts to return these children to their home.

{¶21} The second assignment of error is overruled.

III.

{¶22} In his third assignment of error, Father argues the trial court's finding the best interest of the children would be served by granting JFS permanent custody was against the manifest weight and sufficiency of the evidence.

{¶23} In *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012-Ohio-2179, the Ohio Supreme Court distinguished the terms "sufficiency" and "weight" in civil cases, declaring that "manifest weight" and "legal sufficiency" are "both quantitatively and qualitatively different," in the same manner the Supreme Court previously held regarding criminal cases in *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997), paragraph two of the syllabus. The court found sufficiency of the evidence to be "a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. * * * In essence, sufficiency is a test of adequacy." *Eastley,* ¶11, citing *Thompkins,* supra at 386, 678 N.E.2d 541, and Black's *Law Dictionary* 1433 (6th Ed. 1990).

**{¶24}** By contrast, weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" *Eastley* at ¶12, citing *Thompkins,* supra at 387, 678 N.E.2d 541, and *Black's*, supra at 1594. (Emphasis sic.)

**{¶25}** Permanent custody cases, require the evidence to meet the clear and convincing standard. The Ohio Supreme Court has defined "clear and convincing evidence" as the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. *In re: Estate of Haynes,* 25 Ohio St.3d 101, 103–04, 495 N.E.2d 23(1986); *see, also, State v. Schiebel*, 55 Ohio St.3d 71, 74, 564 N.E.2d 54(1990).

**{¶26}** In determining the best interest of the child at a permanent custody hearing, R.C. 2151.414(D) mandates the trial court must consider all relevant factors, including, but not limited to, the following: (1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; (2) the wishes of the child as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child; (3) the custodial history of the child; and (4) the

child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody.

{¶27} The trial court found the children are with foster parents who are interested in adopting them. The court found the foster parents are very interactive with the children and formed a bond with both children, and the children were not strongly bonded to either biological parent. The guardian ad litem recommended permanent custody be granted to JFS.

{¶28} The court found the children deserved to be in a stable, loving environment where they can thrive and have their needs met on a daily basis. The court explained that extending temporary custody of the children to allow the parents to work on their case plan was not in the children's best interest, because it appears from the evidence the parents will not be able to remedy the initial problems in the case at any time within the foreseeable future. The court concluded it was in the best interest of the children to grant permanent custody to JFS for purposes of adoption.

{¶29} Based upon the foregoing, we find the trial court's finding it was in the children's best interest to grant permanent custody was not against the manifest weight or based upon insufficient evidence.

{¶30} The third assignment of error is overruled.

{¶31} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.


By Hoffman, J.,

Delaney, P.J., and

Farmer, J., concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


WBH:clw 1211

[Cite as *In re S. Children*, 2012-Ohio-6265.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF:
S. CHILDREN

:
:
:
:
:
:
:      JUDGMENT ENTRY
:
:
:
:      CASE NO. 2012-CA-00164


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.  Costs to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER